Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8331
(714) 597-6729 facsimile
Email: mhigbee@higbee.law
rcarreon@higbee.law

*Attorney for Plaintiff,*
PAUL MARTINKA,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MARTINKA,<br><br>    Plaintiff,<br><br>v.<br><br>THE SHADE ROOM, LLC and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. **2:23-cv-7544**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Paul Martinka alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Paul Martinka ("Martinka") is an individual and professional photographer.

6. Defendant The Shade Room LLC ("Defendant" or "Shade Room") is a California limited liability company with a principal place of business in Los Angeles, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

# FACTUAL ALLEGATIONS

9. Plaintiff Paul Martinka is a professional photographer by trade.

10. Marinka's work has been featured in publications worldwide, including Rolling Stone, People, Vanity Fair, Elle, Vero, Der Spiegel, Time, and has appeared on TV shows such as, "TMZ", "Entertainment Tonight", "20/20", "Inside Edition" and "ABC News," to name a few. Since 2001, he's been a regular contributor to the New York Post, Splash News, and Polaris Images.

11. Martinka is the sole creator and exclusive rights holder to photograph of Theresa Sue Klein (the "Klein Photograph").

12. Attached hereto as Exhibit A is a true and correct copy of the Klein Photograph.

13. Martinka has registered the Klein Photograph with the United States Copyright Office under registration number VA 2-126-570.

14. The Klein Photograph was first published in an article by the New York Post (the "Post") on October 12, 2019, titled *'Cornerstore Caroline' says she's not racist, apologizes to kids* (the "Post Article"). The Post Article included an attribution to Martinka just underneath the Klein Photograph. *See* https://nypost.com/2018/10/12/cornerstore-caroline-says-shes-not-racist-apologizes-to-kids/.

15. A true and correct copy of the Post Article is attached hereto as Exhibit B.

### *Defendant The Shade Room LLC*

16. On information and belief, Defendant Shade Room is an online entertainment and celebrity news publisher. *See generally* https://theshaderoom.com/who-are-we/.

17. Defendant provides celebrity news to millions of people each day, with nearly 5.6 million followers on Facebook and 28.3 million followers on Instagram.

18. Defendant has extensive advertisements on its pages and promotes its far reach and large following in order to court advertisers. *See generally* https://theshaderoom.com/advertise-with-us/.

### ***Defendant's Infringing Conduct***

19. On or about June 8, 2023, Martinka discovered that Defendant had used the Klein Photograph in an article on its Website, titled *Woman Known As #CornerstoreCaroline Apologizes For Falsely Accusing 9-Year-Old Black Boy Of Sexual Assault After His Backpack Brushed Up Against Her* ("Infringing Article") and excluded the photo credit to Plaintiff.

20. True and correct screenshots of the Infringing Article featuring Martinka's Klein Photograph are attached hereto as Exhibit C.

21. Defendant published the Infringing Article on October 14, 2018, two days after Plaintiff's Klein Photograph was published in the Post Article.

22. On information and belief, Defendants made an unauthorized copy of the Klein Photograph taken from the Post Article, and uploaded it to the servers for Defendants' Website and posted it for public display in the Infringing Article.

23. Plaintiff never authorized Defendant to use the Klein Photograph in any manner.

24. On information and belief, Defendant knew that they did not have permission to use the Klein Photograph on Defendant's Website but used the Klein Photograph regardless.

25. Martinka does not have record of the Klein Photograph being licensed to Defendant nor had Martinka granted permission for Defendant to make a copy or publicly display the Klein Photograph on Defendant's Website with the Infringing Article.

26. Plaintiff, through counsel, made several attempts to resolve this matter directly with Defendant, but the parties were unable to come to a resolution.

27. On information and belief, Defendant's use of the Klein Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Klein Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

30. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Klein Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Klein Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendants' Website.

31. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c) per infringement.

32. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

33. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
2. For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;
3. For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
4. For pre-judgment interest as permitted by law; and
5. For any other relief the Court deems just and proper.

Dated: September 7, 2023                Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.,
CA SBN 241380.
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8331
(714) 597-6559 facsimile
*Counsel for Plaintiff*

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff, Paul Martinka hereby demands a trial by jury in the above matter.

Dated: September 7, 2023         Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*